UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

VALERIE KING, as parent and natural
guardian of X. R., a minor,  PLAINTIFF

v.  CIVIL ACTION NO. 1:15-cv-00106-CRS

AMANDA KING and DENNIE KING,  DEFENDANTS

## MEMORANDUM OPINION

Plaintiff Valerie King, acting as parent and natural guardian of a minor, "X. R.," brought claims under Kentucky's dog bite liability statute against Defendants Amanda King and Dennie King. Dennie King now moves this Court for summary judgment on Plaintiff's claims against him. The Court will grant his motion and dismiss the claims against him with prejudice.

## BACKGROUND

Valerie and Dennie King do not dispute the relevant facts. On March 14, 2014, a dog bit X. R. The incident occurred at 3147 Upper Brush Creek Road in Liberty, Kentucky.

These are straightforward facts, muddled slightly by the relevant property's ownership history. Dennie King owned this property until he sold it to his granddaughter, Amanda King, in 2009. *See* ECF No. 5-2. The contract was a land sales installment contract and Dennie King retained the deed. Amanda King bought the property in exchange for paying Dennie King $19,083 over ten years in monthly installments. *See* Promissory Note, ECF No. 5-3. Amanda King's payments to Dennie King were sporadic and, in 2011, she ceased paying him. He also paid delinquent taxes on the property during this period. On August 12, 2015, Dennie King filed

1

a foreclosure action against Amanda King due to her nonpayment. *See Dennie King, et al. v. Amanda King, et al.*, Casey Circuit Court, Case No. 15-CI-00123.

## STANDARD

Before granting a motion for summary judgment, the Court must find that "there is no genuine issue of material fact such that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the evidence in a light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). The non-moving party must show that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence ... of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## DISCUSSION

Under Kentucky law, "Any person who has been attacked by a dog, or anyone acting on behalf of that person, may make a complaint … charging the owner or keeper of the dog with harboring a vicious dog." Ky. Rev. Stat. § 258.235. Under the statute, individuals owning dogs include "every person having a right of property in the dog and every person who keeps or harbors the dog, or has it in his care, or permits it to remain on or about premises owned or occupied by him[.]" Ky. Rev. Stat. § 258.095.

Plaintiff does not allege Dennie King owned the dog, harbored the dog, cared for the dog, or permitted the dog to remain on the property. Nor does Plaintiff allege Dennie King occupied the property. Indeed, Plaintiff acknowledges that Denny King sold the property in 2009. Pl.'s

2

Resp. 3, ECF No. 17. Instead, Plaintiff argues that because Dennie King had an ownership interest in the property, he is liable under the statute. This argument lacks merit.

Kentucky courts treat "grantors who finance the sale of real property … like banks or mortgage institutions that finance real estate transactions and retain mortgages against the property to secure the payment of the indebtedness owed." *Watkins v. Eads*, No. 2012-CA-001655-MR (Ky. Ct. App. May 23, 2014).

> When a typical installment land contract is used as the means of financing the purchase of property, legal title to the property remains in the seller until the buyer has paid the entire contract price or some agreed-upon portion thereof, at which time the seller tenders a deed to the buyer. However, *equitable title passes to the buyer when the contract is entered. The seller holds nothing but the bare legal title, as security for the payment of the purchase price*….
>
> *There is no practical distinction between the land sale contract and a purchase money mortgage, in which the seller conveys legal title to the buyer but retains a lien on the property to secure payment*. The significant feature of each device is the seller's financing the buyer's purchase of the property, using the property as collateral for the loan.

*Sebastian v. Floyd*, 585 S.W.2d 381, 382 – 383 (Ky. 1979) (emphasis added); *see also Slone v. Calhoun*, 386 S.W.3d 745 (Ky. 2012); *Estes v. Thurman*, 192 S.W.3d 429, 432 (Ky. 2005).

Dennie King transferred ownership of the property to Amanda King by a land sale installment contract. He held equitable title to the property, similar to a bank holding a lien to secure payment. This does not make Dennie King the owner of the property. The property functioned as collateral for the funds Amanda King owed him. *See Sebastian v. Floyd*, 585 S.W.2d at 383. Amanda King's delinquency on these payments, Dennie King's payment of delinquent property taxes, and Dennie's subsequent foreclosure do not impact this analysis.

As Dennie King does not own the property, he is not included in the definition of owner of a dog under Kentucky's dog bite statute. The Court will grant Dennie King's motion for summary judgment.

Alternatively, Plaintiff requests the Court defer ruling on Dennie King's motion until sufficient discovery is conducted after Amanda King is served. Additional discovery will not alter this Court's analysis concerning Dennie King as Varlerie and Dennie King agree on the relevant facts. While Plaintiff has not served Amanda King in this matter, that is not a persuasive reason for this Court to keep Dennie King involved in this action when the claims against him lack merit. Hence, the Court will not defer its ruling on the motion.

## CONCLUSION

The Court will grant Dennie King's motion for summary judgment and dismiss all claims against him with prejudice.

The Court will enter a separate order in accordance with this opinion.

May 25, 2016

Charles R. Simpson III, Senior Judge
United States District Court